The People of Puerto Rico, Plaintiff and Appellee, *v.*
Juan Díaz Cruz, Defendant and Appellant.

No. 11352. Argued March 12 1946.—Decided May 27, 1946.

*César Andréu Ribas* for appellant. *E. Campos del Toro, Attorney
General, Luis Negrón Fernández, First Assistant Attorney General,* and *J. Correa Suárez, Prosecuting Attorney,* for appellee.

Mr. Justice Córdova delivered the opinion of the court.

The appellant was charged with having maliciously
wounded a woman, disfiguring her face. According to the
title, the information involved the crime of mayhem. After
the jury which was to sit at the trial was drawn, the district
attorney announced that he would press the case as one for
aggravated assault and battery instead of mayhem, in view
of the decision to the effect that the mere disfigurement of
the face does not constitute mayhem.[1] Subsequent to the
closing of the evidence for the prosecution, which established
the crime of aggravated assault and battery, the aggravating
circumstance consisting in that the defendant, an adult made,
battered a woman, the defendant raised the question of insuf-
ficiency of the information, since it was not alleged that the
defendant was an adult male. The court "denied the mo-
tion." The jury rendered a verdict of guilty of aggravated

[1] *People* v. *Beltrán,* 64 P.R.R. 843.

assault and battery. The fact that the defendant, being an adult male, had battered a woman, constituted the only aggravation, under the charge given to the jury.

The defendant appeals from the judgment sentencing him to two years' imprisonment in jail and assigns as error, among others, that committed by the court in considering that the information charged an aggravated assault and battery.

 Section 286 of the Code of Criminal Procedure, which although not expressly invoked by the court, seems to be the ground on which it based its decision regarding the sufficiency of the information, provides:

"Section 286.—The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense.

"On an information for the crime of mayhem the jury may find the defendant guilty of the crime of aggravated assault and battery, or of simple assault and battery, provided that at the trial it has been proved that the person assaulted has not been rendered wholly useless, so far as concerns any important member of his body."

If § 286 were applicable, it would be open to debate whether in a case of mayhem a verdict of aggravated assault and battery lies when the aggravating circumstance is not the one necessarily included in the information for mayhem (great bodily injury), and no other aggravating circumstance is expressly alleged in the information.[2] It is not necessary, however, for us to decide whether the scope of § 286 in regard to mayhem, is limited to those aggravating circumstances which, either expressly or by necessary implication, are included in an information for mayhem. It is not necessary because § 286 is not applicable, since in the case at bar there was never an information for mayhem. The mere fact that the information was entitled "mayhem" is of no importance.

---

[2] Among the aggravating circumstances which are not necessarily included in an information for mayhem are the battery by an adult male upon a female or child, the battery of a public officer, the battery in a court of justice or in any gathering place for lawful purposes, the assault committed in a private residence, etc.

*People* v. *Méndez,* 44 P.R.R. 582; *The People* v. *González,* 17 P.R.R. 1140; *People* v. *Behn,* 13 P.R.R. 1. What is important, and what determines the true character of the crime charged is what is alleged in the information. And in the case at bar the information does not allege facts constituting the crime of mayhem,[3] but only facts constituting the crime of assault and battery.

The information being one for assault and battery, it will not be deemed sufficient to charge the aggravated degree of the offense unless the facts constituting the aggravation are alleged.[4] The only aggravating circumstance on which the verdict of the jury was or could be based, under the charge to the jury, is the fact that the battered party is a woman and the agressor is an adult male. This aggravating circumstance does not appear from the information since it was not alleged that the defendant was an adult male. The verdict and the consequent judgment are therefore erroneous, as they are at variance with the information. *People* v. *Zambrana, supra.*

For the reasons stated the judgment appealed from should be reversed, and the case remanded to the lower court for a new trial or other proceedings not inconsistent with this opinion.

---

[3] *People* v. *Beltrán, supra.*

[4] *People* v. *Ramos,* 22 P.R.R. 638; *People* v. *Aguilar,* 19 P.R.R. 1119; *People* v. *Zambrana,* 18 P.R.R. 732.